## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HUB FOLDING BOX COMPANY, INC.,

*Plaintiff,*

v.

CHARLES JACQUIN ET CIE, INC.,

*Defendant.*

CIVIL ACTION NO. _____

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

MAGISTRATE JUDGE Alexander

## DEFENDANT CHARLES JACQUIN ET CIE, INC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Charles Jacquin et Cie, Inc. ("Defendant") hereby files this *Notice of Removal* of the above-captioned case from the Superior Court Department, Bristol County, Civil Action No. 05-00389-C, to the United States District Court for the District of Massachusetts.

As grounds for removal, Defendant states as follows:

1.    On or about April 7, 2005, Hub Folding Box Company, Inc. ("Plaintiff") filed its complaint in this action ("Complaint") in the Superior Court Department of Bristol County.

2.    Pursuant to Massachusetts' long-arm statute, on or about April 22, 2005, Plaintiff sent Defendant a copy of the Complaint and a summons via certified mail. True and accurate copies of the Complaint and summons are attached as Exhibit 1.

3.    Given that this *Notice of Removal* is being filed on May 16, 2005, the removal is timely and within the timeframe set forth in 28 U.S.C. § 1446(b).

4.    Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship of the parties and an amount in controversy which exceeds the jurisdictional threshold amount.

BOS1492894.1

5.    Complete diversity of citizenship exists between Plaintiff and Defendant. Plaintiff has alleged in its Complaint that it is a Massachusetts corporation with its principal place of business in Mansfield, Massachusetts. (Exhibit 1, ¶ 1.) Defendant is incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania County, Commonwealth of Pennsylvania.

6.    Plaintiff has claimed damages in excess of $600,000 under theories of breach of contract and violation of G.L. ch. 93A.

7.    Accordingly, removal of this action to this Court is proper under 28 U.S.C. § 1441.

8.    By this *Notice of Removal*, Defendant does not waive, and expressly reserves, its right to contest service of process, personal jurisdiction, and the sufficiency of the Complaint.

9.    In accordance with Local Rule 81.1, within 30 days Defendant will file with this Court attested copies of the docket and all pleadings previously filed with the state court.

**WHEREFORE**, for all of the foregoing reasons, this action should be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DEFENDANT CHARLES JACQUIN ET CIE, INC.,
By its attorneys,

Leigh-Ann M. Patterson Durant, BBO No. 561901
Juan Alexander Concepción, BBO No. 658908
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: May 16, 2005

BOS1492894.1                                    2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document, by regular mail, to Laurence M. Johnson, Esq., David Malm & D'Agostine, P.C., One Boston Place, Boston, Massachusetts 02108.

Leigh-Ann M. Patterson Durant

EXHIBIT

*1*

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                      SUPERIOR COURT DEPARTMENT

---

HUB FOLDING BOX COMPANY, INC.

     Plaintiff,

     v.

CHARLES JACQUIN ET CIE, INC.,

     Defendant.

---

# COMPLAINT

### I. The Parties

1.     Plaintiff Hub Folding Box Company, Inc. ("Hub") is a Massachusetts corporation with its principal place of business in Mansfield, Bristol County, Commonwealth of Massachusetts.

2.     Defendant Charles Jacquin et Cie, Inc. (hereinafter "Jacquin") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices located at 2633 Trenton Avenue, Philadelphia, Pennsylvania, 09125. Jacquin manufactures in France, and distributes in the United States various alcoholic beverages, including an after dinner liqueur marketed under the brand name "Chambord."

### II. Jurisdiction and Venue

3.     The defendant Jacquin has acted directly and/or by its agents as to the causes of action hereinafter set forth, each of which arise from Jacquin transacting business within the Commonwealth of Massachusetts (hereinafter the "Commonwealth"), contracting to obtain services or things from within the Commonwealth and/or causing tortuous injury by acts or omissions outside of the Commonwealth.

With respect to the latter, Jacquin regularly does and/or solicits business, engages in a persistent course of conduct and derives substantial revenue from goods used or consumed or services rendered in the Commonwealth. Accordingly, this Court has jurisdiction over Jacquin pursuant to G.L.ch. 223A, §3.

4.    Hub is resident in Bristol County and thus venue is appropriate in this Court.

## III. Facts

5.    Hub is, and for many years has been, a leading manufacturer and supplier of specialty packaging for foods, beverages and other consumer products both for regular distribution and ultimate retail sale and for special promotions such as gift, promotional and special holiday packaging. Hub custom produces such packaging for the manufacturers of such products, in accordance with images, artwork, layouts and specifications expressly supplied or approved by such manufacturers and in accordance with other terms, including schedules for payment and delivery, agreed upon with them.

6.    In early 2004, Hub and Jacquin entered into discussions with respect to Jacquin purchasing from Hub certain Christmas gift promotional packaging containers for Jacquin's "Chambord" after dinner liqueur. The packaging was to contain a bottle of Chambord, a cocktail shaker, a jigger measure, a long-handled stirring spoon and recipe booklet, all displayed on a molded "tray" base and contained in a holiday gift carton with a transparent plastic front "window" revealing the displayed contents above described and with full color artwork containing an "Art of the Cocktail" Christmas gift theme.

7.    Originally, it was contemplated that Hub would supply both the packaging and the promotional gift items to be included with the Chambord liqueur; but prior to entering into the contract it was agreed that Jacquin would obtain the cocktail shaker and recipe book independantly and that Hub would supply the jigger, spoon, tray and gift carton.

-2-

8.    It was also expressly agreed that Jacquin would be responsible for assembling the gift cartons, assembling the various items on the tray and packing it in the gift cartons, and supplying, designing and packing the outer shipping containers in a manner appropriate to protect the packed gift cartons from damage during shipment to wholesale distributors of alcoholic beverages and retail liquor stores.

9.    On or about March 26, 2004 Hub and Jacquin entered into a written contract (the "Contract") for the manufacture, printing, supply and delivery of the window gift cartons, trays, and included promotional items. A true and complete copy of the Contract is attached hereto as Exhibit "A" and is incorporated by reference herein.

10.    Pursuant to the Contract, Hub and Jacquin expressly agreed that approximately ninety (90) days lead time would be necessary for Hub to manufacture, print, supply and deliver the gift containers, trays and associated promotional items. In connection therewith Hub and Jacquin agreed that the artwork for the design and layout of the gift window carton would be agreed upon at least ninety (90) days prior to scheduled delivery, on July 1, 2004, of the first one-third of the containers ordered.

11.    Notwithstanding the aforesaid agreement, Jacquin failed to approve the artwork and layout for the gift window containers ninety days prior to July 1, 2004. Instead, Jacquin made multiple revisions of both the layout and color scheme for the artwork, and proofs thereof, and failed to return a final approved proof thereof until June 2, 2004, less than thirty days prior to the scheduled delivery of the first third of the gift window cartons.

12.    Notwithstanding Jacquin's failure to timely approve the artwork and as required by the contract, Hub manufactured, printed and delivered the initial run of the gift window cartons on time.

-3-

## IV.  Count I – Breach of Contract

13.   Hub re-alleges and incorporates by reference herein the allegations of Paragraphs 1 through 12, inclusive of this Complaint as fully as if set forth herein in their entirety.

14.   Jacquin failed to timely make the payment due on July 26, 2004, as required by the Contract, resulting in a delay in releasing the final shipment of promotional items from Hub's manufacturer until that payment was finally received on August 12, 2004.

15.   Despite Jacquin's substantial and material breaches of the Contract, Hub completed delivery of all window gift boxes, trays and promotional items pursuant to the contract FOB the Port of Le Harve, France, as required by the Contract, on or prior to September 1, 2004, except for the last shipment of jiggers and spoons, which had been held, in substantial part, up by Jacquin's failure to make the July 26, 2004 payment.  The last shipment of jiggers and spoons were delivered to Le Havre on or before September 29, 2004.

16.   Jacquin has failed to make any of the further payments required by the Contract and presently owes Hub $608,184.08 for goods manufactured, sold and delivered to Jacquin pursuant to the Contract.  When Hub demanded payment, Jacquin falsely claimed that Hub had failed to make timely delivery and also claimed that some of the holiday gift sets of Chambord had arrived at the premises of its retailers in a damaged condition. As to the claim of late delivery, Jacquin well knew that its own delay in approving the layout and artwork, as well as its almost three week delay in making the July 26 payment, had caused whatever shipment delivery delays had occurred. As to the latter claim, Jacquin well knew that it had selected the bulk shipping containers, that it had disregarded Hub's recommendations as to their design and declined Hub's offer to manufacture and supply such shipping containers and that Jacquin alone was responsible for any shipping damage that the holiday gift sets had incurred during their bulk shipping in such shipping containers.  Upon information and belief, Jacquin

-4-

had intended, from the time that it entered into the Contract with Hub, to obtain the merchandise called

for pursuant to the Contract without paying for it according to the Contract's terms and had intended to

fabricate some excuse to default in its payment obligations from the time of the Contract. Such

wrongful acts are, upon information and belief, consistent with prior instances in which Jacquin has

entered into Contracts to obtain goods and services from suppliers and has thereafter defaulted or

attempted to default upon its contractual payment obligations with respect thereto.

### V  Count II – Violations of the Massachusetts Consumer Protection Act

17.    Hub re-alleges and incorporates by reference herein the allegations of Paragraphs 1

through 16 inclusive of this Complaint as fully as if set forth herein in their entirety.

18.    Hub and Jacquin are both persons engaged in the conduct of trade or commerce within

the meaning of G.L. ch. 93A, §11, as amended.

19.    Jacquin's refusal to pay for the gift window cartons, trays and promotional items

furnished to it by Hub pursuant to the Contract has been willful, deliberate, in bad faith and with the

purpose of obtaining such merchandise from Hub fraudulently and without paying for same.

20.    The wrongful acts of Jacquin as hereinbefore more fully set forth, constituted unfair

methods of competition and unfair and deceptive acts and practices in the conduct of trade or commerce

within the meaning of G.L. ch. 93A, §§ 1 and 2 as amended, and the rules and regulations of the

Attorney General of the Commonwealth of Massachusetts promulgated pursuant thereto. None of the

wrongful acts, or the transactions to which they relate, that are the subject of this claim constitute acts or

transactions which are exempt from the provisions and prohibitions of G.L. ch. 93A pursuant to the

provisions of §3 thereof.

21.    The acts and transactions constituting the unfair methods of competition and Jacquin's unfair and deceptive acts and practices as hereinbefore set forth occurred primarily and substantially within the Commonwealth of Massachusetts, within the meaning of G.L. ch. 93A, § 11.

22.    At all times material hereto, Jacquin was well aware that its course of wrongful conduct was likely to have the effect of inducing Hub to furnish merchandise pursuant to the Contract, as above set forth. Notwithstanding such awareness, Jacquin nonetheless deliberately embarked upon and pursued its wrongful course of conduct and committed the wrongful acts hereinbefore set forth to promote and advance its own advantage and objectives through employment of the unfair and deceptive acts and practices above set forth. Jacquin's use and employment of the aforesaid unfair methods of competition and unfair and deceptive acts and practices constituted knowing and willful violations of G.L. ch. 93A, §2 within the meaning of §11.

23.    As a result of Jacquin's violations of G.L. ch. 93A, §2, Hub has suffered damages in an amount to be determined at trial, and not less than $608,184.08 before doubling or trebling as authorized by §11.

24.    In addition, Hub is entitled to recovery of its reasonable attorneys' fees and costs, as required by § 11.

## VI. JURY CLAIM

PLAINTIFF CLAIMS TRIAL BY JURY AS TO ALL COUNTS AND CLAIMS HEREIN SO TRIABLE.

-6-

HUB FOLDING BOX COMPANY, INC.,
By its Attorneys,

Laurence M. Johnson (BBO # 252720)

John T. Lynch (BBO # 308960)

DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place
Boston MA 02108
(617) 367-2500

*Dated: April 7 . 2005*

J \Johnson\Hub - Avalon\Complaint doc



March 26, 2004

Mark Small
CFO & Treasurer
Charles Jacquin et Cie
2663 Trenton Avenue
Philadelphia, PA   19125

Dear Mark:

### "QUOTATION FOR CHAMBORD PROMOTIONAL GIFTS & PACKAGING"

Since you are using another source for the Cocktail Shaker, we have revised the payment schedule amounts for the "Art of Cocktail" gift.  I have also changed the payment date in July by two weeks because the first shipment will arrive approximately July 1st instead of Mid June.

### SALES ORDER PRICE AND PAYMENT SCHEDULE

| | |
|---|---|
| 5% Upon placing purchase order | $ 33,000.00 |
| 10% 4th Monday in July | $ 66,000.00 |
| 10% 2nd Monday in August | $ 66,000.00 |
| 2nd Monday in September | $300,000.00 |
| Balance 2nd Monday in October | $195,000.00 |

| | |
|---|---|
| 200,000 Gift Sets @ $3.30 per set price | $660,000.00 |

### Breakdown

- Window Carton, Insert, & Flocked Tray     @     $2.20 per set
  FOB:  Port of Le Harve, France
- 10" Twisted Bar Spoon w/Red Knob (Shiny finish)  $
  Bar Jigger ½ x 1oz. (Shiny finish)     @     $1.10 per set
  FOB:  Port of Le Harve, France

## Terms

| | |
|---|---|
| Tooling and Prep: | Included in per set price. |
| Payment Terms: | Outlined above in Schedule |
| FOB: | Port of Le Harve, France (All Packaging) |
| | Port of Le Harve, France (Spoon & Jigger) |
| Run Allowances: | 0% under/ 5% over |

Lead-time & Delivery Schedule:
Packaging – 90 Days approx.
Based on Receiving PO by 3/26/04

Delivery     1/3 July 1st
             1/3 July 22nd
             Balance August 16th

Lead-time & Delivery Schedule
Promotion Items – 80 Days approx.

Delivery     ½ July 1st
             Balance August 1st

AGREED TO BY CHARLES JACQUIN ET CIE., INC: _____

Signature of Mark Small
CFO & Treasurer

MARK SMALL , TREASURER/CFO
Print Name and Title and Date   3 - 26 - 04

Sincerely,
HUB FOLDING BOX COMPANY, INC.

Stephen Birmingham
Account Executive

SB/lc

USE PO 2004

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                     SUPERIOR COURT DEPT. OF THE TRIAL COURT

                                                         CIVIL ACTION

[SEAL]                                             No. BRCV2005-00389-c

<u>Hub Folding Box Company, Inc.</u>   , Plaintiff (s)

v.

<u>Charles Jacquin Et Cie, Inc.</u>   , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED :—
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

    You are hereby summoned and required to serve upon ...Lawrence M. Johnson
of Davis, Malm & D'Agostine, P.C. ...............................................................................................

plaintiff's attorney, whose address is One Boston Place, Boston, MA 02108........................;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton.................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the.......22................................. .........day of....April................................, in the year of our Lord two thousand and .five.....................................

*Magistrate*

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

TSC 14

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...... .......... .... ..........................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5) :

.... ....... . . ..................................................................................................................... ...... ......... ....... ... . ..... ... ......... .  ..

... ...... .. ................................................. ................... .. ...... ......... ..... ... . .. ......... ....   ....... .... ............ .. .... ...... . ..... .... . .........

... .. . .. ..................... ............ .. ........................... ... ........... .................... .... ........................................... ......................

Dated: .. ...... .......... ..... .......... ................, 20    .         ...................................................... .... .......... ..... ................

N.B.  TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                                                                    , 20    .

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2005-00389-C

Hub Folding Box Company, Inc............., Plaintiff (s)

v.

Charles Jacquin Et Cie, Inc. .............., Defendant (s)

SUMMONS
(Mass. R. Civ. P. 4)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

HUB FOLDING BOX COMPANY, INC.,

*Plaintiff,*

v.

CHARLES JACQUIN ET CIE, INC.,

*Defendant.*

CIVIL ACTION NO. _____

**05 11002 PBS**

## DEFENDANT'S NOTICE OF FILING FOR REMOVAL

TO:   Civil Clerk                          Lawrence M. Johnson, Esq.
      Bristol County Superior Court        Davis Malm & D'Agostine PC
      9 Court Street                       One Boston Place
      Taunton, Massachusetts 02780         Boston, Massachusetts 02108

       PLEASE TAKE NOTICE that on the 16th day of May 2005, Defendant Charles Jacquin

Et Cie, Inc., filed in the United States District Court for the District of Massachusetts, a *Notice of*

*Removal* in the above-captioned case, a copy of which is attached hereto as Exhibit A and

incorporated herein by reference. Pursuant to 28 U.S.C. § 1446(d), the filing of this notice stays

all proceedings in this Court.

- 2 -

DEFENDANT
CHARLES JACQUIN ET CIE, INC.,

By its attorneys,

Leigh-Ann M. Patterson Durant, BBO No. 561901
Juan Alexander Concepción, BBO No. 658908
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: May 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document, by regular mail, to Laurence M. Johnson, Esq., David Malm & D'Agostine, P.C., One Boston Place, Boston, Massachusetts 02108.

Leigh-Ann M. Patterson Durant

EXHIBIT
$A$

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

HUB FOLDING BOX COMPANY, INC.,

*Plaintiff,*

v.

CHARLES JACQUIN ET CIE, INC.,

*Defendant.*

CIVIL ACTION NO. _____

## DEFENDANT CHARLES JACQUIN ET CIE, INC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Charles Jacquin et Cie, Inc.

("Defendant") hereby files this *Notice of Removal* of the above-captioned case from the Superior

Court Department, Bristol County, Civil Action No. 05-00389-C, to the United States District

Court for the District of Massachusetts.

As grounds for removal, Defendant states as follows:

1. On or about April 7, 2005, Hub Folding Box Company, Inc. ("Plaintiff") filed its

complaint in this action ("Complaint") in the Superior Court Department of Bristol County.

2. Pursuant to Massachusetts' long-arm statute, on or about April 22, 2005, Plaintiff sent

Defendant a copy of the Complaint and a summons via certified mail. True and accurate copies of

the Complaint and summons are attached as Exhibit 1.

3. Given that this *Notice of Removal* is being filed on May 16, 2005, the removal is timely

and within the timeframe set forth in 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by

reason of diversity of citizenship of the parties and an amount in controversy which exceeds the

jurisdictional threshold amount.

BOS1492894.1

5.    Complete diversity of citizenship exists between Plaintiff and Defendant. Plaintiff has

alleged in its Complaint that it is a Massachusetts corporation with its principal place of business

in Mansfield, Massachusetts. (Exhibit 1, ¶ 1.) Defendant is incorporated under the laws of the

Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania

County, Commonwealth of Pennsylvania.

6.    Plaintiff has claimed damages in excess of $600,000 under theories of breach of contract

and violation of G.L. ch. 93A.

7.    Accordingly, removal of this action to this Court is proper under 28 U.S.C. § 1441.

8.    By this *Notice of Removal*, Defendant does not waive, and expressly reserves, its right to

contest service of process, personal jurisdiction, and the sufficiency of the Complaint.

9.    In accordance with Local Rule 81.1, within 30 days Defendant will file with this Court

attested copies of the docket and all pleadings previously filed with the state court.

**WHEREFORE**, for all of the foregoing reasons, this action should be removed to the United

States District Court for the District of Massachusetts.

Respectfully submitted,

DEFENDANT CHARLES JACQUIN ET CIE, INC.,
By its attorneys,

Leigh-Ann M. Patterson Durant, BBO No. 561901
Juan Alexander Concepción, BBO No. 658908
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: May 16, 2005

BOS1492894.1                                    2

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document, by regular mail, to Laurence M. Johnson, Esq., David Malm & D'Agostine, P.C., One Boston Place, Boston, Massachusetts 02108.

Leigh-Ann M. Patterson Durant

EXHIBIT
1

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                SUPERIOR COURT DEPARTMENT

---

HUB FOLDING BOX COMPANY, INC.

   Plaintiff,

   v.

CHARLES JACQUIN ET CIE, INC.,

   Defendant.

---

## COMPLAINT

### I. The Parties

1.     Plaintiff Hub Folding Box Company, Inc. ("Hub") is a Massachusetts corporation with its principal place of business in Mansfield, Bristol County, Commonwealth of Massachusetts.

2.     Defendant Charles Jacquin et Cie, Inc. (hereinafter "Jacquin") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal offices located at 2633 Trenton Avenue, Philadelphia, Pennsylvania, 09125. Jacquin manufactures in France, and distributes in the United States various alcoholic beverages, including an after dinner liqueur marketed under the brand name "Chambord."

### II. Jurisdiction and Venue

3.     The defendant Jacquin has acted directly and/or by its agents as to the causes of action hereinafter set forth, each of which arise from Jacquin transacting business within the Commonwealth of Massachusetts (hereinafter the "Commonwealth"), contracting to obtain services or things from within the Commonwealth and/or causing tortuous injury by acts or omissions outside of the Commonwealth.

With respect to the latter, Jacquin regularly does and/or solicits business, engages in a persistent course of conduct and derives substantial revenue from goods used or consumed or services rendered in the Commonwealth. Accordingly, this Court has jurisdiction over Jacquin pursuant to G.L.ch. 223A, §3.

4.    Hub is resident in Bristol County and thus venue is appropriate in this Court.

## III. Facts

5.    Hub is, and for many years has been, a leading manufacturer and supplier of specialty packaging for foods, beverages and other consumer products both for regular distribution and ultimate retail sale and for special promotions such as gift, promotional and special holiday packaging. Hub custom produces such packaging for the manufacturers of such products, in accordance with images, artwork, layouts and specifications expressly supplied or approved by such manufacturers and in accordance with other terms, including schedules for payment and delivery, agreed upon with them.

6.    In early 2004, Hub and Jacquin entered into discussions with respect to Jacquin purchasing from Hub certain Christmas gift promotional packaging containers for Jacquin's "Chambord" after dinner liqueur. The packaging was to contain a bottle of Chambord, a cocktail shaker, a jigger measure, a long-handled stirring spoon and recipe booklet, all displayed on a molded "tray" base and contained in a holiday gift carton with a transparent plastic front "window" revealing the displayed contents above described and with full color artwork containing an "Art of the Cocktail" Christmas gift theme.

7.    Originally, it was contemplated that Hub would supply both the packaging and the promotional gift items to be included with the Chambord liqueur; but prior to entering into the contract it was agreed that Jacquin would obtain the cocktail shaker and recipe book independantly and that Hub would supply the jigger, spoon, tray and gift carton.

-2-

8.      It was also expressly agreed that Jacquin would be responsible for assembling the gift cartons, assembling the various items on the tray and packing it in the gift cartons, and supplying, designing and packing the outer shipping containers in a manner appropriate to protect the packed gift cartons from damage during shipment to wholesale distributors of alcoholic beverages and retail liquor stores.

9.      On or about March 26, 2004 Hub and Jacquin entered into a written contract (the "Contract") for the manufacture, printing, supply and delivery of the window gift cartons, trays, and included promotional items. A true and complete copy of the Contract is attached hereto as Exhibit "A" and is incorporated by reference herein.

10.     Pursuant to the Contract, Hub and Jacquin expressly agreed that approximately ninety (90) days lead time would be necessary for Hub to manufacture, print, supply and deliver the gift containers, trays and associated promotional items. In connection therewith Hub and Jacquin agreed that the artwork for the design and layout of the gift window carton would be agreed upon at least ninety (90) days prior to scheduled delivery, on July 1, 2004, of the first one-third of the containers ordered.

11.     Notwithstanding the aforesaid agreement, Jacquin failed to approve the artwork and layout for the gift window containers ninety days prior to July 1, 2004. Instead, Jacquin made multiple revisions of both the layout and color scheme for the artwork, and proofs thereof, and failed to return a final approved proof thereof until June 2, 2004, less than thirty days prior to the scheduled delivery of the first third of the gift window cartons.

12.     Notwithstanding Jacquin's failure to timely approve the artwork and as required by the contract, Hub manufactured, printed and delivered the initial run of the gift window cartons on time.

-3-

## IV. Count I – Breach of Contract

13. Hub re-alleges and incorporates by reference herein the allegations of Paragraphs 1 through 12, inclusive of this Complaint as fully as if set forth herein in their entirety.

14. Jacquin failed to timely make the payment due on July 26, 2004, as required by the Contract, resulting in a delay in releasing the final shipment of promotional items from Hub's manufacturer until that payment was finally received on August 12, 2004.

15. Despite Jacquin's substantial and material breaches of the Contract, Hub completed delivery of all window gift boxes, trays and promotional items pursuant to the contract FOB the Port of Le Harve, France, as required by the Contract, on or prior to September 1, 2004, except for the last shipment of jiggers and spoons, which had been held, in substantial part, up by Jacquin's failure to make the July 26, 2004 payment. The last shipment of jiggers and spoons were delivered to Le Havre on or before September 29, 2004.

16. Jacquin has failed to make any of the further payments required by the Contract and presently owes Hub $608,184.08 for goods manufactured, sold and delivered to Jacquin pursuant to the Contract. When Hub demanded payment, Jacquin falsely claimed that Hub had failed to make timely delivery and also claimed that some of the holiday gift sets of Chambord had arrived at the premises of its retailers in a damaged condition. As to the claim of late delivery, Jacquin well knew that its own delay in approving the layout and artwork, as well as its almost three week delay in making the July 26 payment, had caused whatever shipment delivery delays had occurred. As to the latter claim, Jacquin well knew that it had selected the bulk shipping containers, that it had disregarded Hub's recommendations as to their design and declined Hub's offer to manufacture and supply such shipping containers and that Jacquin alone was responsible for any shipping damage that the holiday gift sets had incurred during their bulk shipping in such shipping containers. Upon information and belief, Jacquin

-4-

had intended, from the time that it entered into the Contract with Hub, to obtain the merchandise called for pursuant to the Contract without paying for it according to the Contract's terms and had intended to fabricate some excuse to default in its payment obligations from the time of the Contract. Such wrongful acts are, upon information and belief, consistent with prior instances in which Jacquin has entered into Contracts to obtain goods and services from suppliers and has thereafter defaulted or attempted to default upon its contractual payment obligations with respect thereto.

## V  Count II – Violations of the Massachusetts Consumer Protection Act

17.   Hub re-alleges and incorporates by reference herein the allegations of Paragraphs 1 through 16 inclusive of this Complaint as fully as if set forth herein in their entirety.

18.   Hub and Jacquin are both persons engaged in the conduct of trade or commerce within the meaning of G.L. ch. 93A, §11, as amended.

19.   Jacquin's refusal to pay for the gift window cartons, trays and promotional items furnished to it by Hub pursuant to the Contract has been willful, deliberate, in bad faith and with the purpose of obtaining such merchandise from Hub fraudulently and without paying for same.

20.   The wrongful acts of Jacquin as hereinbefore more fully set forth, constituted unfair methods of competition and unfair and deceptive acts and practices in the conduct of trade or commerce within the meaning of G.L. ch. 93A, §§ 1 and 2 as amended, and the rules and regulations of the Attorney General of the Commonwealth of Massachusetts promulgated pursuant thereto. None of the wrongful acts, or the transactions to which they relate, that are the subject of this claim constitute acts or transactions which are exempt from the provisions and prohibitions of G.L. ch. 93A pursuant to the provisions of §3 thereof.

21.    The acts and transactions constituting the unfair methods of competition and Jacquin's unfair and deceptive acts and practices as hereinbefore set forth occurred primarily and substantially within the Commonwealth of Massachusetts, within the meaning of G.L. ch. 93A, § 11.

22.    At all times material hereto, Jacquin was well aware that its course of wrongful conduct was likely to have the effect of inducing Hub to furnish merchandise pursuant to the Contract, as above set forth. Notwithstanding such awareness, Jacquin nonetheless deliberately embarked upon and pursued its wrongful course of conduct and committed the wrongful acts hereinbefore set forth to promote and advance its own advantage and objectives through employment of the unfair and deceptive acts and practices above set forth. Jacquin's use and employment of the aforesaid unfair methods of competition and unfair and deceptive acts and practices constituted knowing and willful violations of G.L. ch. 93A, §2 within the meaning of §11.

23.    As a result of Jacquin's violations of G.L. ch. 93A, §2, Hub has suffered damages in an amount to be determined at trial, and not less than $608,184.08 before doubling or trebling as authorized by §11.

24.    In addition, Hub is entitled to recovery of its reasonable attorneys' fees and costs, as required by § 11.

### VI.  JURY CLAIM

PLAINTIFF CLAIMS TRIAL BY JURY AS TO ALL COUNTS AND CLAIMS HEREIN SO TRIABLE.

-6-

HUB FOLDING BOX COMPANY, INC.,
By its Attorneys,

Laurence M. Johnson (BBO # 252720)

John T. Lynch (BBO # 308960)

DAVIS, MALM & D'AGOSTINE, P.C.
One Boston Place
Boston MA 02108
(617) 367-2500

*Dated: April 7 , 2005*

J \Johnson\Hub - Avalon\Complaint doc

330029v.1
-7-



**EXHIBIT**

*A*

March 26, 2004

Mark Small
CFO & Treasurer
Charles Jacquin et Cie
2663 Trenton Avenue
Philadelphia, PA  19125

Dear Mark:

### "QUOTATION FOR CHAMBORD PROMOTIONAL GIFTS & PACKAGING"

Since you are using another source for the Cocktail Shaker, we have revised the payment schedule amounts for the "Art of Cocktail" gift. I have also changed the payment date in July by two weeks because the first shipment will arrive approximately July 1st instead of Mid June.

### SALES ORDER PRICE AND PAYMENT SCHEDULE

| | |
|---|---|
| 5% Upon placing purchase order | $ 33,000.00 |
| 10% 4th Monday in July | $ 66,000.00 |
| 10% 2nd Monday in August | $ 66,000.00 |
| 2nd Monday in September | $300,000.00 |
| Balance 2nd Monday in October | $195,000.00 |

200,000 Gift Sets @ $3.30 per set price          $660,000.00

### Breakdown

- Window Carton, Insert, & Flocked Tray      @      $2.20 per set
  FOB:  Port of Le Harve, France
- 10" Twisted Bar Spoon w/Red Knob (Shiny finish) $
  Bar Jigger ½ x 1oz. (Shiny finish)      @      $1.10 per set
  FOB:  Port of Le Harve, France

<u>Terms</u>

| | |
|---|---|
| Tooling and Prep: | Included in per set price. |
| Payment Terms: | Outlined above in Schedule |
| FOB: | Port of Le Harve, France (All Packaging) |
| | Port of Le Harve, France (Spoon & Jigger) |
| Run Allowances: | 0% under/ 5% over |

Lead-time & Delivery Schedule:
Packaging – 90 Days approx.
Based on Receiving PO by 3/26/04

Delivery        1/3 July 1st
                1/3 July 22nd
                Balance August 16th

Lead-time & Delivery Schedule
Promotion Items – 80 Days approx.

Delivery        ½ July 1st
                Balance August 1st

AGREED TO BY CHARLES JACQUIN ET CIE., INC: _____

Signature of Mark Small
CFO & Treasurer

MARK SMALL , TREASURER/CFO
Print Name and Title and Date    3 - 26 - 04

Sincerely,
HUB FOLDING BOX COMPANY, INC.

Stephen Birmingham
Account Executive

USE PO 2004

SB/lc

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. BRCV2005-00389-C

Hub Folding Box Company, Inc. , Plaintiff (s)

v.

Charles Jacquin Et Cie, Inc. , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED :—
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ...Laurence..M...Johnson.... of Davis, Malm & D'Agostine, P.C.................................................................................... plaintiff's attorney, whose address is One..Boston..Place,..Boston,..MA..02108................................;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at .Taunton....................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the.......22.................................... .........day of.....April............................., in the year of our Lord two thousand and .five........................................

*Magistrate*

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.

**NOTES.**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

TSC 14

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................... .........................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)  (1-5) :

.............. . . ................................................................................................................... ..... ............. .......... ... . ...... .. ... ......... .   ..

... ....... ... ...................................... ........................... .. ..... ......... ..... .. .. .. .......... ...    ...... ...... ............. ... ..... ...... . ..... ... . .......

... ... .. ... .................... ............... .. ...................... .. ............. ................... ... .................................... .................. ..................

Dated: ... ...... ........ .................. .............., 20    .        ............................................................................ ...................

N.B.  TO PROCESS SERVER: —
    PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
    BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

    , 20    .

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION

No. BRCV2005-00389-C

BRISTOL, ss.

Hub Folding Box Company, Inc., ............, Plaintiff (s)

v.

Charles Jacquin Et Cie, Inc., ................, Defendant (s)

SUMMONS
(Mass. R. CIV. P. 4)

05/09/2005 11:19 FAX 61774890          US DIST COURT                    ☑002

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)**  Hub Folding Box Company, Inc. v. Charles Jacquin Et Cie, Inc.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   ___ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   X  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

   None

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

                                                    YES ☐        NO ☒

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)**

                                                    YES ☐        NO ☒

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

                                                    YES ☐        NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

                                                    YES ☐        NO ☒

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

                                                    YES ☐        NO ☒

   A.  **If yes, in which division do all of the non-governmental parties reside?**

       Eastern Division ☐      Central Division ☐      Western Division ☐

   B.  **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

       Eastern Division ☒      Central Division ☐      Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

                                                    YES ☐        NO ☒

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME**  Leigh-Ann (Patterson) Durant, Esq., Juan A. Concepcion, Esq.

**ADDRESS**  Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110

**TELEPHONE NO.**  (617) 345-1000

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hub Folding Box Company, Inc.

## DEFENDANTS
Charles Jacquin Et Cie, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

*(617) 367-2500

County of Residence of First Listed Defendant   Philadelphia Co.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.   *(617) 345-1000

(c) Attorney's (Firm Name, Address, and Telephone Number)
Laurence M. Johnson, Esq., Davis, Malm & D'Agostine, P.C., One Boston Place, Boston, MA

Attorneys (If Known)
Leigh-Ann (Patterson) Durant, Juan Concepcion, Nixon Peabody LLP, 100 Summer St., Boston, MA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment   ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C., Section 1441
Brief description of cause:
Breach of contract action and violation of G.L. Ch. 93A

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 600,000
In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY    NONE
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
5-13-05

SIGNATURE OF ATTORNEY OF RECORD
Geoff Hmawart

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____