UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-CV-11002-PBS

HUB FOLDING BOX COMPANY, INC. )
    Plaintiff, )
)
v. )
)
CHARLES JACQUIN ET CIE, INC., )
    Defendant. )
)

## DEFENDANT CHARLES JACQUIN ET CIE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Pursuant to Mass. R. Civ. P. 8(b), Defendant Charles Jacquin Et Cie, Inc. ("Defendant") hereby responds to the numbered paragraphs of the Complaint ("Complaint") of Plaintiff Hub Folding Box Company, Inc. (collectively, "Plaintiff") as follows:

1. In response to paragraph 1 of the Complaint, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; wherefore, Defendant denies the same.

2. In response to paragraph 2, Defendant admits that its principal place of business is in Philadelphia, Pennsylvania and denies the balance of the allegations contained in this paragraph.

3. In response to paragraph 3, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

4. In response to paragraph 4, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

5. In response to paragraph 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; wherefore, Defendant denies the same.

6. In response to paragraph 6, Defendant denies the allegations.

7. In response to paragraph 7, Defendant denies the allegations.

8. In response to paragraph 8, Defendant denies the allegations.

9. In response to paragraph 9, Defendant states that the document referenced in this paragraph speaks for itself. Further answering, Defendant denies that Exhibit A is a true and complete copy of the alleged Contract between the parties. Defendant denies the balance of the allegations in this paragraph.

10. In response to paragraph 10, Defendant states that the document referenced in this paragraph speaks for itself. Further answering, Defendant denies the balance of the allegations in this paragraph.

11. In response to paragraph 11, Defendant states that the document referenced in this paragraph speaks for itself. Further answering, Defendant denies the balance of the allegations in this paragraph.

12. In response to paragraph 12, Defendant denies the allegations.

## COUNT I

### Breach of Contract

13.     Defendant repeats and incorporates by reference its responses to all the foregoing paragraphs 1 through 12, as if they had been set forth fully herein.

14.     In response to paragraph 14 of the Complaint, Defendant states that the document referenced in this paragraph speaks for itself. Further answering, to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

15.     In response to paragraph 15 of the Complaint, Defendant states that the document referenced in this paragraph speaks for itself. Further answering, to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

16.     In response to paragraph 16 of the Complaint, Defendant states that the document referenced in this paragraph speaks for itself. Further answering, to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

## COUNT II

### Violations of the Massachusetts Consumer Protection Act

17.     Defendant repeats and incorporates by reference its responses to all the foregoing paragraphs 1 through 17, as if they had been set forth fully herein.

18.     In response to paragraph 18 of the Complaint, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

19. In response to paragraph 19 of the Complaint, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

20. In response to paragraph 20 of the Complaint, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

21. In response to paragraph 21 of the Complaint, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

22. In response to paragraph 22 of the Complaint, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

23. In response to paragraph 23 of the Complaint, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

24. In response to paragraph 24 of the Complaint, Defendant states that to the extent this paragraph states a legal conclusion, it does not require a response. To the extent a response is required, Defendant denies the allegations.

## **DEFENSES**

1. Plaintiff's Complaint should be dismissed for failure to state a claim on which relief may be granted.

2. All or part of Plaintiff's claims are barred by waiver.

3. All or part of Plaintiff's claims are barred by release.

4.   All or part of Plaintiff's claims are barred by the doctrine of ratification.

5.   All or part of Plaintiff's claims are barred by accord and satisfaction.

6.   All or part of Plaintiff's claims are barred by the doctrine of laches.

7.   All or part of Plaintiff's claims are barred by estoppel.

8.   All or part of Plaintiff's claims are barred by the doctrine of unclean hands.

9.   The obligations of Defendant, if any, were subject to a condition precedent that was not satisfied or fulfilled.

10.  Any breach of the agreement by Defendant was excused by Plaintiff's material prior to breach.

11.  Plaintiff is liable to Defendant for damages that exceed in amount those damages claimed in the Complaint. Defendant may set off and/or recoup its damages against the damages, if any, to which Plaintiff may be entitled under the Complaint.

12.  Plaintiff's damages, if any, should be reduced by the amount attributable to its failure to mitigate damages.

13.  Defendant, at all material times, has acted in good faith.

14.  To the extent the Plaintiff requests reimbursement for attorneys' fees, no such fees are recoverable at common law or under any applicable statue or contract between the parties.

15.  The Complaint does not set forth sufficient facts to allow Defendant to determine all potential affirmative defenses at the present time. Accordingly, Defendant reserves its right to assert and rely upon additional affirmative defenses which may become apparent during discovery of this action and reserves the right to amend its answer to assert such defenses.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all claims and issues raised in the Complaint, so triable, and on all defenses, counterclaims, and/or cross-claims asserted thereto.

WHEREFORE, for all the foregoing reasons, Defendant respectfully requests that the Court enter the following relief:

1. The Complaint be dismissed with prejudice and with costs, including attorneys' fees to Defendant;

2. Judgment in favor of Defendant be entered with respect to each count and claim asserted by Plaintiff;

3. Defendant be awarded its costs, including attorneys' fees, incurred in connection with this action; and

4. Defendant be awarded such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **DEFENDANT**
    **CHARLES JACQUIN ET CIE, INC.,**

    By its attorneys,

    */s/ Leigh Ann Patterson Durant*
    Leigh-Ann Patterson Durant (BBO No. 561901)
    Jennifer H. Yen (BBO No. 650594)
    Juan A. Concepcion (BBO No. 658908)
    NIXON PEABODY LLP
    100 Summer Street
    Boston, MA 02110
    (617) 345-1000

Dated: July 20, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant Charles Jacquin et Cie, Inc.'s Answer and Defenses to Plaintiff's Complaint* was served via fax and First Class Mail on the 20th day of July, 2005, on the following:

Laurence M. Johnson, Esq., counsel for Plaintiff
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108

*/s/ Leigh-Ann Patterson Durant*
Leigh-Ann Patterson Durant