UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUB FOLDING BOX COMPANY, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHARLES JACQUIN ET CIE, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  05-CV-11002-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF HUB FOLDING BOX COMPANY, INC. TO DEFENDANT'S COUNTERCLAIMS

### First Defense

For its first defense, Plaintiff/Defendant-in-Counterclaim Hub Folding Box Company, Inc. ('Hub") answers the respective numbered paragraphs of Defendant's Counterclaims as follows:

1.　Hub admits that in or around March, 2004, Jacquin placed an order with it for the manufacture and delivery of certain goods as alleged in Paragraph 9 of its Complaint against Jacquin, and Exhibit A thereto, that Jacquin now purports to allege the counterclaims referred to in this paragraph and denies the remaining allegations of this paragraph.

2.　Admitted.

3.　Admitted.

4.　Hub admits that Jacquin manufactures an after-dinner liqueur under the brand name of "Chambord" and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

5. Hub is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

6. Hub is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

7. Hub admits that the purported "theme" for Jacquin's 2004 Holiday Gift Set was "The Art of the Cocktail" and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

8. Hub admits the allegations of this paragraph, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph with respect to the intended "look" of the Gift Set and the required strength of the packaging and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

9. Hub is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

10. Hub admits that in early 2004, it and Jacquin entered into discussions that eventually resulted in their contract, is without knowledge or information sufficient to form a belief as to the truth of the allegation that Jacquin was "reluctant to switch vendors" and accordingly neither admits not denies same, but calls upon Jacquin to prove same, if material, and denies the remaining allegations of this paragraph.

11. Hub denies the allegations of this paragraph and says that the mutual promises and representations of the parties are fully and completely set forth in their written contract.

12. Hub denies the allegations of this paragraph with respect to its alleged promises and representations, says that the obligations, promises and representations of the Hub and Jacquin are fully set forth in their written agreement and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

13. Hub is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material, except that it admits that on or about March 26, 2004 Jacquin entered into the contract with Hub, a copy of which is Exhibit "A" to Hub's Complaint and Exhibit 1 to Jacquin's Counterclaims.

14. Hub says that the terms of the written agreement between the parties, attached as Exhibit A to its Complaint and as Exhibit 1 to the Counterclaims, speak for themselves and except as hereinbefore specifically set forth denies the allegations of this paragraph.

15. Hub says that the terms of the written agreement between the parties, attached as Exhibit A to its Complaint and as Exhibit 1 to the Counterclaims, speak for themselves and except as hereinbefore specifically set forth denies the allegations of this paragraph.

16. Hub says that the terms of the written agreement between the parties, attached as Exhibit A to its Complaint and as Exhibit 1 to the Counterclaims, speak for themselves and except as hereinbefore specifically set forth denies the allegations of this paragraph.

17. Hub says that the payment terms of the written agreement between the parties, attached as Exhibit A to its Complaint and as Exhibit 1 to the Counterclaims, speak for themselves and except as hereinbefore specifically set forth denies the allegations of this paragraph.

18. Hub says that the payment terms of the written agreement between the parties, attached as Exhibit A to its Complaint and as Exhibit 1 to the Counterclaims, speak for themselves and except as hereinbefore specifically set forth denies the allegations of this paragraph.

19. Hub denies the allegations of this paragraph and, further answering the allegations of this paragraph, says that Jacquin failed to make timely payments in accordance with the provisions of the contract and failed to provide information and/or design approvals within the time periods required by the schedule agree to by the parties and that any delays in Hub's performance were caused by and the result of such failures by Jacquin.

20. Hub admits that the parties had numerous communications during the period of performance of the contract, both by email, facsimile transmission and otherwise and, except as hereinbefore specifically set forth, denies the allegations of this paragraph.

21. Hub denies the allegations of this paragraph and, further answering the allegations of this paragraph, says that Jacquin failed to make timely payments in accordance with the provisions of the contract and failed to provide information and/or design approvals within the time periods required by the schedule agree to by the parties and that any delays in Hub's performance were caused by and the result of such failures by Jacquin.

22. Hub denies the allegations of this paragraph and, further answering the allegations of this paragraph, says that Jacquin failed to make timely payments in accordance with the provisions of the contract and failed to provide information and/or design approvals within the time periods required by the schedule agree to by the parties and that any delays in Hub's performance were caused by and the result of such failures by Jacquin.

23. Hub denies the allegations of this paragraph and, further answering the allegations of this paragraph, says that Jacquin failed to make timely payments in accordance with the

provisions of the contract and failed to provide information and/or design approvals within the time periods required by the schedule agree to by the parties and that any delays in Hub's performance were caused by and the result of such failures by Jacquin.

24. Hub denies the allegations of this paragraph.

25. Hub denies the allegations of this paragraph, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph with respect to the thickness or strength of the material allegedly used by Jacquin's "Chinese vendor" and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

26. Hub is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material.

27. Hub is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and accordingly neither admits nor denies them, but calls upon Jacquin to prove same, if material, except that it denies that its packaging failed to meet the requirements of the contract.

28. Hub denies the allegations of this paragraph.

29. Hub denies the allegations of this paragraph.

30. Hub denies the allegations of this paragraph.

31. Hub restates and incorporates herein by reference its responses to paragraphs 1 through 30, inclusive of the Counterclaims, as fully as if set forth in response to this paragraph in their entirety.

32. Hub admits the allegations of this paragraph.

33. Hub denies the allegations of this paragraph.

34. Hub denies the allegations of this paragraph.

35. Hub restates and incorporates herein by reference its responses to paragraphs 1 through 34, inclusive of the Counterclaims, as fully as if set forth in response to this paragraph in their entirety.

36. Hub admits that it was and is in the business of selling packaging for promotional items and denies the remaining allegations of this paragraph.

37. Hub denies the allegations of this paragraph.

38. Hub denies the allegations of this paragraph.

39. Hub denies the allegations of this paragraph.

40. Hub restates and incorporates herein by reference its responses to paragraphs 1 through 39, inclusive of the Counterclaims, as fully as if set forth in response to this paragraph in their entirety.

41. The allegations of this paragraph constitute conclusions of law, to which no response is required. To the extent that the allegations of this paragraph are deemed to constitute, in whole or in part, allegations of fact, Hub denies them.

42. Hub denies the allegations of this paragraph.

43. Hub denies the allegations of this paragraph.

44. Hub restates and incorporates herein by reference its responses to paragraphs 1 through 43, inclusive of the Counterclaims, as fully as if set forth in response to this paragraph in their entirety.

45. Hub denies the allegations of this paragraph.

46. Hub denies the allegations of this paragraph.

47. Hub denies the allegations of this paragraph.

48. Hub denies the allegations of this paragraph.

49.     Hub restates and incorporates herein by reference its responses to paragraphs 1 through 48, inclusive of the Counterclaims, as fully as if set forth in response to this paragraph in their entirety.

50.     Hub denies the allegations of this paragraph.

51.     Hub denies the allegations of this paragraph.

52.     Hub denies the allegations of this paragraph.

### Second Defense

As and for a Second and separate defense, Hub says that the Counterclaim, and each Count thereof, fails to state a claim upon which relief can be granted.

### Third Defense

As and for a Third and separate defense, Hub says that Jacquin is barred from any relief with respect to its contract claims, by its own substantial and material breaches of the contract.

### Fourth Defense

As and for a Fourth and separate defense, Hub says that Jacquin's damages, if any, were caused or contributed to by its own negligent or otherwise legally wrongful conduct.

### Fifth Defense

As and for a Fifth and separate defense, Hub says that Jacquin has failed to mitigate its damages.

### Sixth Defense

As and for a Sixth and separate defense, Hub says that Jacquin has waived the claims, and each of them, attempted to be set forth in the Counterclaim.

### Seventh Defense

As and for a Seventh and separate defense, Hub says that Jacquin is barred from any relief on its Counterclaim, and each Count thereof, by virtue of its own wrongful conduct.

### Eighth Defense

As and for an Eighth and separate defense, Hub says that if it shall be determined that it is liable to Jacquin, which it expressly denies, any damages that Jacquin might otherwise be entitled to must be reduced by the amount of Jacquin's liability to Hub on Hub's claims as set forth in its Complaint.

Respectfully submitted,

**HUB FOLDING BOX COMPANY, INC.,**

By its attorneys

*/s/ Laurence M. Johnson*
Laurence M. Johnson, BBO#252720
John T. Lynch, BBO#308960
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
Telephone: 617-367-2500
Facsimile: 617-523-6215

**Dated: October 3, 2005**

382139.1 10/3/2005 5:00 PM